(8 Misc. Rep. 317.)

WILLIAMS v. DODGE.

(Common Pleas of New York City and County, General Term.  May 17, 1894.)

ATTORNEY AND CLIENT—ACTION FOR SERVICES RENDERED IN ANOTHER STATE.

In an action for services rendered by plaintiff as an attorney at law in another state, plaintiff must allege and prove that an action for such services can be maintained under the law of such other state.

Appeal from trial term.

Action by Fred H. Williams against Charles C. Dodge to recover for services alleged to have been rendered by plaintiff as an attorney

at law in the state of Massachusetts. There was a judgment in favor of defendant, and plaintiff appeals.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Howard Y. Stillman, for appellant.

J. A. Dennison, for respondent.

THE COURT. Mr. Stillman, whereabouts are your exceptions to the judge's charge?

Mr. Stillman. I claim it is not necessary that we should take exceptions to the judge's charge.

THE COURT. Of course, it is not absolutely necessary; but if you do not rely upon your legal exceptions you must show us that manifest injustice has been done by the jury. We have carefully examined the case, which is very short, and do not find that there is any evidence of injustice having been done to the plaintiff such as would warrant us in setting aside the verdict which the jury rendered. Nor do we think the objection and exception which you took to the evidence, which was admitted, was well taken. It was clearly in rebuttal of testimony which you gave, and it was pertinent to the issue before the jury. There being no exceptions to the charge, concerning which you have argued, and there being no such manifest injustice as would warrant us in setting the verdict aside on that ground, we think this judgment should be affirmed. It was a question for the jury to determine on the facts, and we think they have made no error in the conclusion at which they arrived. There is a grave question back of all this. You have not shown that by the laws of Massachusetts a lawyer can maintain an action for his services. In the absence of any proof on that subject, the presumption is that the common-law rule prevails, and counsel fees for services rendered cannot be recovered. There is no proof on that subject. Nor does the complaint contain any allegation that under the laws of Massachusetts a lawyer can recover for his services.

The judgment must therefore be affirmed, with costs. All concur.