(50 Misc. Rep. 284)

## SPENCER v. BUSCH.

(Supreme Court, Appellate Term. April 24, 1906.)

1. EVIDENCE—PRESUMPTIONS—LAWS OF OTHER STATES.

    The law of a foreign state is presumed to be the same as the common law of this state, and not the same as the common law of England.

    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 101, 102.]

2. ATTORNEY AND CLIENT—COMPENSATION OF ATTORNEY—RIGHT OF ACTION.
    Under the common law of this state, a lawyer may recover by action
just compensation for his services.
    [Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and
Client, §§ 292, 293.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Selden P. Spencer against Clarence M. Busch. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Holden & Rogers (Clarence W. W. Rogers, of counsel), for appellant.

W. Russell Osborn, for respondent.

SCOTT, P. J. The plaintiff, a St. Louis lawyer, sues for the value of professional services rendered to defendant in the state of Missouri. At the close of plaintiff's case, after the employment, rendition of services, and value had been proven, the defendant moved to dismiss upon the ground that it had not been shown that the law of the state of Missouri permitted an action to be maintained by an attorney against his client; that the courts of this state, in the absence of proof of the law of the state of Missouri, will presume that the common law is in force in that state; and that at common law an attorney could not recover for professional services. The court adopted this view, and dismissed the complaint.

It is made clear that what the defendant meant by reference to the common law was the common law of England, as contradistinguished from the common law in this state. The proposition urged upon the court by the defendant was wholly erroneous, and based upon an inadvertent dictum contained in a decision announced from the bench and quite unnecessary to the disposition of the case under consideration. Williams v. Dodge, 8 Misc. Rep. 317, 28 N. Y. Supp. 729. The rule as to presumptions concerning the law of foreign states, which has long obtained in this state, is that, in the absence of proof as to the actual law of the foreign state, it will be presumed to be the same as the common law of the state in which the action is pending. Cheney v. Arnold, 15 N. Y. 345, 69 Am. Dec. 609. The rule which has for centuries obtained in England, that advocates and barristers might not, by action, compel payment for their services, is peculiar to that country, and has never obtained in this state (Stevens & Cagger v. Adams, 23 Wend. 57, affirmed 26 Wend. 451), and the common law of this state is that a lawyer may recover by action just compensation for his services, whether those services were such as in England would be performed by an attorney or solicitor, or those which would be rendered by a barrister or advocate. It is this common law that is to be presumed to obtain in Missouri, in the absence of evidence to the contrary.

Nor was the defendant's counsel accurate in his statement as to the common law of England. As he made it, his statement was that "at common law an attorney could not recover for professional services." This is not, and never has been, the common law, either in England or

in this state. In England, as is known to every lawyer, legal practitioners are divided into two classes, denominated "solicitors," or "attorneys," and "barristers," and their respective duties and functions are well defined and understood. It is only to the barristers that the rule cited by the defendant applies or ever has applied. Attorneys or solicitors have always been permitted to recover at law for their services. Reg. v. Dountre, Law Rep. 9 App. 752. An examination of the plaintiff's bill of particulars shows that the services for which he sues are those which, in a jurisdiction wherein the English classification of lawyers obtains, would properly be performed by an attorney, and for which compensation would be recoverable at law. The plaintiff describes himself as an attorney and counselor at law, indicating that in Missouri, as in this state, the distinction between an attorney and counselor no longer obtains. As an attorney he certainly may sue under the common law, both of this state and of England, for services performed in that capacity.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur. ·